BRONSON LAW OFFICES, P.C.
H. Bruce Bronson
*Proposed Counsel for the Debtor*
*and Debtor-in-Possession*
480 Mamaroneck Ave.
Harrison, NY 10528
914-269-2530 (tel.)
888-908-6906 (fax)
hbbronson@bronsonlaw.net

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:                                                                           Case No.  23-11347-JPM

                                                                    Chapter 11

80 WEST WASHINGTON PLACE REAL
ESTATE HOLDINGS LLC

                                Debtor.

------------------------------------------------------------x

**DEBTOR'S DECLARATION PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2**

STATE OF NEW YORK            )
                                            ) ss.:
COUNTY OF NEW YORK   )

I, William Rainero, declare under penalty of perjury as follows:

1. I am a managing member of 80 WEST WASHINGTON PLACE REAL ESTATE HOLDINGS LLC (the "**Debtor**").

2. I am filing this declaration in support of the bankruptcy filing of Debtor, pursuant to local bankruptcy rule 1007-2.

3. The Debtor was formed October 19, 2012, for the purpose of owning property at 80 West Washington Place, New York, NY (the "**Property**") and operating it as an event space

that offers catered and uncatered parties and events. The Property is also known as the Sousa House due to its former connections with John Philip Sousa.

4. Debtor entered into a loan with Emigrant Bank ("**Emigrant**" or "**Senior Secured Lender**") on March 21, 2019, whereunder the approximate amount of $13,000,000 was borrowed (the "**Loan**").

5. The adjustable rate note bears interest at 6.250 percent and is payable interest only at the rate of approximately $68,000 per month.

6. A lawsuit was commenced by Emigrant on March 31, 2021, for non-payment.

7. A payoff and reinstatement letter dated February 16, 2023, states that the payoff amount is $18,577,195.10 and the reinstatement amount is $5,615,701.45.

8. The Galinn Fund LLC ("**Galinn**") or the "**Second Secured Lender**") holds a second mortgage on the Property and began an action against the Debtor on March 2, 2021, which was amended on March 4, 2021, in the amount of approximately $3,000,000.

9. Emigrant Bank has noticed a foreclosure sale for August 23, 2023, at 2:15 p.m. at 60 Centre Street, NY, NY.

10. Debtor has filed for chapter 11 bankruptcy in order to gain some breathing room for it to sell the property under the belief that a non-foreclosure sale will bring the highest value for the Property.

11. I submit this declaration in accordance with Local Bankruptcy Rule 1007-2 (the "**Declaration**"), on behalf of the Debtor in connection with its petition, exhibits and schedules filed, or to be filed in its Chapter 11 bankruptcy, for the purpose of apprising the Court and parties in interest of the circumstances that compelled the commencement of this case and in support of (i) Debtor's chapter 11 petition filed on August 22,

2023(the "**Petition**"), and (ii) the motions and applications that the Debtor has filed, or will file, with the Court.

12. The Debtor has not previously filed a Chapter 11 Petition.

13. I have reviewed the Debtor's Petition, schedules, exhibits and all documents filed in connection therewith, and I am familiar with the facts alleged and any relief requested therein.

14. All facts set forth in this Declaration are based upon my:(i) personal knowledge; (ii) review of relevant documents; and (iii) opinion based upon my experience and knowledge with respect to the Debtor's operations and financial condition. All financial information submitted with this Declaration is on an estimated and unaudited basis, unless otherwise indicated.

<b><u>BACKGROUND OF THE DEBTOR AND IT'S BUSINESS</u></b>

**a. Debtor's business and circumstances leading to the Debtor's filing. LR 1007-2(a)(1)**

15. The Debtor was formed under the laws of the State of New York on October 19, 2012, for the purpose of owning the Property and providing catered and non-catered events. The Property has 6 bedrooms 4 baths and is 8,750 square feet featuring sweeping window views, a roof top dining area, a movie theater, hot tub in a premium location near NYU. It should be noted that the artwork and furniture belong to Willaim Rainero.

16. Members of the Rainero family are the beneficial owners of the Property as well as other properties and mortgages related to New York properties. Two related bankruptcies, Sei Insieme, LLC, (case no.: 22-11670) and Nuovo Cia-Di, LLC (case no.:23-10068) have been filed by the Rainero family relating to other properties located in Manhattan.

17. The Debtor believes that it can sell the Property within three or four months.

18. The Debtor is owned and operated by the Rainero family and the undersigned is the managing member of Debtor.

19. Debtor has no employees.

## OBJECTIVES OF THE CHAPTER 11 CASE.

20. The Debtor intends to sell the Property and pay off as much of its secured debt as possible. The Debtor believes the Property is worth approximately $25,000,000 with a similar brownstone having recently been put on the market for $50,000,000.

21. In the interim, the Debtor intends to rent the facility as an event space, which it has done successfully in the past.

**b. LR 1007-2(a)(2)**

22. This case was not originally commenced under Chapter 7 or 13 of the Bankruptcy Code.

**c. Committees Organized Prior to Filing. LR 1007-2(a)(3)**

23. No creditor's committee has been formed to date.

**d. Holders of 20 Largest Unsecured Claims. LR 1007-(2)(a)(4)**

24. The names and addresses of the twenty (20) largest unsecured creditors excluding (i) those creditors who or which would not be entitled to vote at a creditors' meeting under 11 USC Section 702; (ii) such creditors who were employees of the Debtor at the time of the filing of its petition for reorganization; and (iii) creditors who are insiders as that term is defined in 11 USC Section 101(31) are annexed hereto as **Exhibit "A"**.

**e. Holders of the five largest Secured Claims. LR 1007-(2)(a)(5).**

25. A list of the names and addresses of the five largest secured creditors is annexed hereto as **Exhibit "B"**.

**f. Schedule of Assets and Liabilities. LR 1007-(2)(a)(6).**

26. As required by Local Bankruptcy Rule 1007-2(a)(6), unaudited schedules of the Debtor's assets and liabilities are annexed hereto as **Exhibit "C"**.

**g. Publicly Held Securities. LR 1007-(2)(a)(7).**

27. No shares of stock, debentures, or other securities of the Debtor are publicly held.

**h. Debtor's Premises. LR 1007-(2)(a)(9).**

28. The Debtor operates its business from 80 W. Washington Place, New York, NY.

**i. Location of Debtors' Assets and Books and Records. LR 1007-(2) (a)(10).**

29. The Debtor's assets and books and records are located at: 80 W. Washington Place, New York, NY.

**j. Threatened or Pending Actions against Debtor. LR 1007-(2)(a)(11).**

30. There are currently two actions pending against the Debtor:

    a. *The Galinn Fund LLC v. 80 West Washington Place Real Estate Holdings, LLC, etal., index # 850037/2021*, New York County Supreme Court.

    b. *Emigrant Bank v. 80 W. Washington Place Real Estate Holdings LLC, etal., index # 850070/2021*.

**k. Debtor's Senior Management. LR 1007-(2)(a)(12).**

31. The Debtor's senior management is William Rainero, the managing member.

**l. Additional Information if Business is to Continue.  LR 1007-(2)(b)(1) and (2).**

32. The Debtor needs to sell the Property and pay off its secured debts.

**m. Estimated Schedule of cash receipts and disbursements for 30 days. LR 1007-(2) (b) (3).**

33. The estimated schedule of cash receipts and disbursements for the thirty (30) day period following the filing of the Chapter 11 petition is:

5

| | |
|---|---|
| **Income** | $75,000 |
| Commission for renting the Property | $15,000 |
| Net Income | $60,000 |
| **Expense** | |
| Con Edison | $6,000 |
| Cable | $350 |
| Cleaning | $4,000 |
| **Net** | **$43,650** |

The Debtor's income is very inconsistent; however, to the extent there is excess income it will be utilized for adequate protection payments.

**n. Conclusion**

34. The Debtor submits that it has the requisite components to formulate a confirmable and feasible liquidation plan.

35. The Debtor believes it is in the best interests of all its creditors that it be afforded an opportunity to reorganize pursuant to Chapter 11.

Pursuant to 28 USC section 1746, I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

**Dated: August 22, 2023**

/s/ William Rainero
Managing Member

# EXHIBIT A

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

**Con Edison**  $ 80,000.00
**4 Irving Place**
**New York, NY 10003-3502**

**James D. Burchetta, Esq.**  $ 60,000.00
**2 Homestead Lane #412**
**Greenwich, CT 06831**

**William J. Camera, CPA**  $ 5,000.00
**Camera & Ford CPA's**
**555 Broadhollow Road, Ste 330**
**Melville, NY 1147-5001**

**UE Architecture**  $    3,500.00
**315 W. 39th Street**
**New York, NY 10018**

# EXHIBIT B

## FIVE LARGEST SECURED CREDITORS

**Emigrant Bank**                                $18,577,195.10
**7 Westchester Plaza**
**Elmsford, NY 10523**

**The Galinn Fund**                              $3,500,000.00
**399 Knowlwood Road**
**White Plains, NY 10603**

# EXHIBIT C

**The following chart is based on the Debtor's principal best estimate as to values and liabilities[1].**

**Assets:**
| | |
|---|---:|
| 80 West Washginton Place | $25,000,000.00 |
| Personal Property | 50,000.00 |
| **Total:** | **$25,050,000.00** |

**Liabilities:**
| | |
|---|---:|
| Emigrant Bank | $18,577,195.10 |
| The Galinn Fund | $ 3,500,000.00 |
| Unsecured Debt | $140,000.00 |
| **Total:** | **$21,717,195.10** |

**Net Value**:    $ 2,972,805

---

[1] Certain Liabilities are disputed as to amount and others are estimated.